# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM,<br><br>    Plaintiff,<br><br>    v.<br><br>MANAGEMENT TRAINING CORP., et al.,<br><br>    Defendants.<br>_____/ | 1:09-cv-02041-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT AS PREMATURE (Docs. 12, 15, 19, 21.) |

**I.  BACKGROUND**

John Michael Crim ("Plaintiff") is a federal prisoner proceeding pro se in this civil rights action pursuant to <u>Bivens v. Six Unknown Agents</u>, 42 U.S. 388 (1971). Plaintiff filed the complaint commencing this action on November 20, 2009. (Doc. 1.) Plaintiff names as defendants Management & Training Corp. ("MTC"), Neil Hamilton Adler (Warden), T. Stewart (Staff Member), Cynthia Mann (Staff Member), Nickie McDonough (Staff Member), Dale Patrick (Staff Member), C. Logan (Discipline Hearing Officer), McBride (S.I.S. Officer), and Kwonto Sy (S.I.S. Officer) ("Defendants").

On December 22, 2009, Defendants filed a Notice of Appearance in this action through counsel. (Doc. 9.) On January 28, 2010, February 5, 2010, May 24, 2010, and June 1, 2010, Plaintiff filed motions for entry of default against Defendants. (Docs. 12, 15, 19, 21.) Defendants

have filed opposition to Plaintiff's motions, and Plaintiff has replied to the opposition. (Docs. 13, 14, 16, 17.)

## II. REQUESTS FOR ENTRY OF DEFAULT

### *Rules 12 & 55*

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. See Fed.R.Civ.P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 20 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed.R.Civ.P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed.R.Civ.P. 4(d).

Plaintiff requests entry of default against Defendants because they have not served Plaintiff with an answer to his complaint. In opposition, Defendants argue that default should not be entered against them because a responsive pleading is not yet due in this action. Defendants refer to the court's informational order of November 23, 2009, which informs the parties that the court is required to screen the complaint pursuant to 28 U.S.C. § 1915A before a responsive pleading is due. Plaintiff replies that Defendants are mistaken in their belief that they must wait for direction from the court, because this action was not brought against a governmental entity, and therefore the court's informational order is not applicable.

### *Screening Requirement*

Pursuant to the Prisoner Litigation Reform Act, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . .

. the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### *Discussion*

Here, Plaintiff argues that the court is not required to screen the complaint because none of the Defendants is "a governmental entity or officer or employee of a governmental entity" pursuant to § 1915A. In the complaint, Plaintiff describes defendant Management & Training Corporation as a "private business contracting with the Federal Bureau of Prisons to manage and train staff who are employed [by] MTC" and "responsible for the operation and management of Taft Correctional Institution," where Plaintiff is currently incarcerated. (Cmp at 2 ¶ III.) All of the other defendants named in the complaint are employees of MTC working as correctional staff at Taft Correctional Institution ("TCI"). Cmp at 2-3 ¶ III.)

The court routinely applies § 1915A's screening requirement to Bivens cases brought by TCI prisoners against MTC and its employees.[1] The Ninth Circuit permits Bivens actions against private party defendants who contract with the federal government. Schowendgerdt v. General Dynamics Corp., 823 F.2d 1328, 1337-38 (9th Cir. 1987) (allowing Bivens action against private corporation and its employees where corporation contracted with government to provide security services to Naval Industrial plant); Ginn v. Mathews, 533 F.2d 477 (9th Cir. 1976) (finding that private corporation operating federal Headstart Program could be liable under Bivens for violation of employees' constitutional rights). Thus, for purposes of screening prisoner complaints, the court proceeds under the assumption that prisoners may bring Bivens actions against a private corporation and its employees who operate a correctional facility pursuant to a contract with the United States. See e.g. Hill v. Corrections Corporation of America, 14 F.Supp.2d 1235, 1238 (D. Kan., July 29, 1998). Accordingly, MTC and MTC's employees are considered "a governmental entity" and "officers or employees of a governmental entity" for purposes of screening Plaintiff's complaint, and

---

[1] Plaintiff states in the complaint that he brings an action under 42 U.S.C. § 1983 by a federal prisoner. (Cmp at 1 ¶1.) Actions under § 1983 and those under Bivens are identical in most respects save for the replacement of a state actor under § 1983 by a federal actor under Bivens. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991); also see Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 66, 122 S.Ct. 515, 519 (2001) . Therefore, the court treats Plaintiff's complaint as a Bivens action.

3

the court's informational order applies to Plaintiff's complaint with respect to the screening requirement. The court's informational order provides that "[T]he court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a government entity. . . [to determine] if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief." (Doc. 3 at 2-3 ¶12.) Therefore, Defendants are not required to file an answer or other pleading in response to Plaintiff's complaint until after the court has completed its mandatory screening process to determine whether Plaintiff states any cognizable claims. For this reason, Plaintiff's motions for entry of default are premature and shall be denied as such.

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED Plaintiff's motions for entry of default against Defendants, filed on January 28, 2010, February 5, 2010, May 17, 2010, and June 1, 2010, are DENIED as premature.


IT IS SO ORDERED.

Dated:     **June 8, 2010**                              **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE