UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN MICHAEL CRIM, | ) | 1:09-cv-02041-AWI-GSA-PC |
| Plaintiff, | ) ) | ORDER ADDRESSING MOTION TO CLARIFY ORDER |
| vs. | ) ) | (Doc. 18.) |
| MANAGEMENT TRAINING CORP., et al., | ) ) ) | |
| Defendants. | ) ) | |

John Michael Crim ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Agents, 42 U.S. 388 (1971). Plaintiff filed the complaint commencing this action on November 20, 2009. (Doc. 1.)

On March 15, 2010, Plaintiff filed a motion for clarification of the Court's order of December 14, 2009. Specifically, Plaintiff seeks clarification of the term "income credited to" the account and inquires whether it refers to new deposits, or the total balance including the new deposits.

The Court's order of December 14, 2009, granted Plaintiff leave to proceed in forma pauperis and directed the Warden of TCI or his designee to "collect payments from plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's *income credited to* the prisoner's trust account and [] forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, *in accordance with 28 U.S.C. § 1915(b)(2)*, until a total of $350.00 has been collected and forwarded to the Clerk of the Court." (Order, Doc. 18 at 2 ¶2.) (emphasis added).

The Court's order directs the Warden to collect payments in accordance with 28 U.S.C. § 1915(b)(2), under the Prison Litigation Reform Act, which provides:

> "After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

28 U.S.C. § 1915(b)(2). The PLRA does not define the term "income credited to," and the Court has found no Ninth Circuit cases addressing the definition of "income credited to" as used in § 1915(b)(2). However, the Eighth Circuit held that "Congress did not define the term 'income' in § 1915(b), but it uses several related terms: 'income,' 'deposits,' and 'amount in the account'... which seem to be used as synonyms." Lucien v. DeTella, 141 F.3d 773, 776 (8th Cir. 1998).

IT IS SO ORDERED.

Dated:   **January 25, 2011**                    /s/ **Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE

2