IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM, | 1:09-cv-02041-AWI-GSA-PC |
| Plaintiff, | SCREENING ORDER <br> (Doc. 23 Resolved.) |
| vs. | ORDER DISMISSING FIRST AMENDED COMPLAINT UNDER LOCAL RULE 220, WITH LEAVE TO AMEND |
| MANAGEMENT & TRAINING CORP., et al, | |
| Defendants. | ORDER FOR CLERK TO SEND PLAINTIFF A § 1983 COMPLAINT FORM |
| | THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

## I. BACKGROUND

John Michael Crim ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Agents, 42 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on November 20, 2009. (Doc. 1.) On September 22, 2010, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (Doc. 28.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
4  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
5  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state
6  a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

    A complaint must contain "a short and plain statement of the claim showing that the pleader
is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic
Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth
"sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.
While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

### III.  LOCAL RULE 220 - CHANGED PLEADINGS

Local Rule 220 provides, in part:

> "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading."

L. R. 220. As a general rule, an amended complaint supersedes the original complaint. See Loux
v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original
complaint no longer serves any function in the case. Therefore, an amended complaint must be
complete in itself without reference to any previous complaint, and each claim and the involvement
of each defendant must be sufficiently alleged.

    Plaintiff's First Amended Complaint, filed on September 20, 2010, is not complete in itself.
On the first page, Plaintiff asserts that he is incorporating all previously filed claims and previously
filed exhibits, "as if filed herein." (First Amd. Cmp, Doc. 28 at 1.) Plaintiff's list of the parties
begins with paragraph 11 and fails to re-name the defendants from the original Complaint. (Id.)

1    In his recital of the facts of the case, Plaintiff "incorporates paragraphs 1 through 31, as if stated
2    fully herein," then begins with paragraph 32. (Id. at 2.) The relief sought begins with paragraph
3    8, and the exhibits begin with Exhibit Y. (Id. at 5-6.) Thus, the First Amended Complaint fails
4    to comply with Local Rule 220 and shall be dismissed, with leave to amend.

5    **IV.    CONCLUSION AND ORDER**

6    Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely
7    given when justice so requires.'" Therefore, although the Court shall dismiss the First Amended
8    Complaint for failure to comply with Local Rule 220, Plaintiff shall be provided with time to file
9    a Second Amended Complaint curing the deficiencies identified above.

10   Plaintiff must demonstrate in the Second Amended Complaint how the conditions
11   complained of resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d
12   227 (9th Cir. 1980). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is
13   plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp.
14   v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service,
15   572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this
16   plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969. Plaintiff must also
17   demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v.
18   Williams, 297 F.3d, 930, 934 (emphasis added).

19   Plaintiff is advised that a short and simple statement of his claim will speed the screening
20   of his case, and will help the litigation proceed in a more efficient manner. Plaintiff is advised that
21   this court has pending before it many prisoner civil rights cases. In the Eastern District of
22   California, the federal judiciary is inundated with prisoner civil rights cases.[1] While exhibits are
23   permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal
24   system of notice pleading, Fed. R. Civ. P. 8(a). Plaintiff is advised that under Rule 8 of the Federal

---

[1] The most recent statistics available indicate that 1,322 prisoner civil rights cases were filed in this district in 2009, a 9.7% increase from the previous reporting period. 2009 Annual Report for the U.S. District Court, Eastern District of California.

Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain statement of [his] claim." Plaintiff is not obligated to prove the allegations in his complaint at this stage. Attaching a large number of exhibits to a complaint may result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

Plaintiff should also note that although he has been given the opportunity to amend, it is not for the purposes of adding unrelated claims. In addition, Plaintiff should take care to include only those claims for which he has exhausted his administrative remedies.

The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a § 1983 civil rights complaint form;
2. Plaintiff's First Amended Complaint is dismissed for failure to comply with Local Rule 220, with leave to file a Second Amended Complaint within **thirty (30) days** from the date of service of this order;
3. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:09-cv-02041-AWI-GSA-PC; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

**Dated:   January 26, 2011**            /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE