# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM, | 1:09-cv-02041-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | (Docs. 46, 44.) |
| MANAGEMENT & TRAINING CORP., et al., | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |
| Defendants. | |

**I.      BACKGROUND**

John Michael Crim ("Plaintiff"), is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Agents, 42 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on November 20, 2009. (Doc. 1.) On September 22, 2010, Plaintiff filed the First Amended Complaint. (Doc. 28.) On January 26, 2011, the Court dismissed the First Amended Complaint for violation of Local Rule 220, with leave to amend. (Doc. 34.) On February 3, 2011, Plaintiff filed the Second Amended Complaint, which awaits screening by the Court. (Doc. 35.)

None of the defendants in this action have been served with process in this action. However, on December 22, 2009, defendants Management & Training Corporation, Neil H. Adler, Tiarra

Stewart, Cynthia Mann, Nickie McDonough, Dale Patrick, Curtis Logan, Dennis McBride, and Kwonto Sy ("Defendants") appeared in this action through counsel. (Doc. 9.)

On July 7, 2011, Plaintiff filed a motion for a temporary restraining order and preliminary injunction. (Docs. 44-47.) On July 12, 2011, Defendants filed an opposition. (Doc. 48.) On July 19, 2011, Plaintiff filed a reply to the opposition. (Doc. 49.)

**II.    MOTION FOR PRELIMINARY INJUNCTION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has requested a court order prohibiting defendants Villatoro (Mailroom Coordinator) and Michael L. Benov (Warden) from opening Plaintiff's legal mail outside of his presence. "[A] federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985)

(emphasis added). Defendants Villatoro and Benov have not been served with process and have not made an appearance in this action. Therefore, the Court does not have jurisdiction to issue an order prohibiting them from acting against Plaintiff.[1]

### III.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunctive relief, filed on July 7, 2011, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **February 2, 2012**                /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Under the Prison Litigation Reform Act, the court is required to screen Plaintiff's Second Amended Complaint before the case proceeds against the defendants.  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  With respect to service, the court will, *sua sponte*, direct the United States Marshal to serve the complaint only after the court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants.