1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                              EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN MICHAEL CRIM,                          1:09-cv-02041-AWI-GSA-PC

12                                               FINDINGS AND RECOMMENDATIONS,
                            Plaintiff,           RECOMMENDING THAT PLAINTIFF'S
13                                               MOTION    FOR    PRELIMINARY
            v.                                   INJUNCTIVE RELIEF BE DENIED
14                                               (Docs. 46, 44.)
     MANAGEMENT & TRAINING
15   CORP., et al.,                              OBJECTIONS, IF ANY, DUE IN THIRTY
                                                 DAYS
16                          Defendants.

17

18   _____/

19   **I.      BACKGROUND**

20          John Michael Crim ("Plaintiff"), is a federal prisoner proceeding pro se and in forma pauperis

21   in this civil rights action pursuant to <u>Bivens v. Six Unknown Agents</u>, 42 U.S. 388 (1971).  Plaintiff

22   filed the Complaint commencing this action on November 20, 2009.  (Doc. 1.)  On September 22,

23   2010, Plaintiff filed the First Amended Complaint. (Doc. 28.)  On January 26, 2011, the Court

24   dismissed the First Amended Complaint for violation of Local Rule 220, with leave to amend.  (Doc.

25   34.)  On February 3, 2011, Plaintiff filed the Second Amended Complaint, which awaits screening

26   by the Court.  (Doc. 35.)

27          None of the defendants in this action have been served with process in this action.  However,

28   on December 22, 2009, defendants Management & Training Corporation, Neil H. Adler, Tiarra

                                                    1

1  Stewart, Cynthia Mann, Nickie McDonough, Dale Patrick, Curtis Logan, Dennis McBride, and

2  Kwonto Sy ("Defendants") appeared in this action through counsel.  (Doc. 9.)

3       On July 7, 2011, Plaintiff filed a motion for a temporary restraining order and preliminary

4  injunction.  (Docs. 44-47.)  On July 12, 2011, Defendants filed an opposition.  (Doc. 48.)  On July

5  19, 2011, Plaintiff filed a reply to the opposition.  (Doc. 49.)

6  **II.    MOTION FOR PRELIMINARY INJUNCTION**

7       "A preliminary injunction is an extraordinary remedy never awarded as of right."  <u>Winter v.</u>

8  <u>Natural Resources Defense Council, Inc.</u>, 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff

9  seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

10  likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

11  in his favor, and that an injunction is in the public interest."  <u>Id.</u> at 374 (citations omitted).  An

12  injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  <u>Id.</u> at 376

13  (citation omitted) (emphasis added).

14       Federal courts are courts of limited jurisdiction and in considering a request for preliminary

15  injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before

16  it an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660,

17  1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>,

18  454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or

19  controversy before it, it has no power to hear the matter in question.  <u>Id.</u>  Requests for prospective

20  relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which

21  requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary

22  to correct the violation of the Federal right, and is the least intrusive means necessary to correct the

23  violation of the Federal right."

24       Plaintiff has requested a court order prohibiting defendants Villatoro (Mailroom Coordinator)

25  and Michael L. Benov (Warden) from opening Plaintiff's legal mail outside of his presence.  "[A]

26  federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject

27  matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before*

28  *the court*."  <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985)

2

1   (emphasis added).  Defendants Villatoro and Benov have not been served with process and have not

2   made an appearance in this action.  Therefore, the Court does not have jurisdiction to issue an order

3   prohibiting them from acting against Plaintiff.[1]

4   **III.      CONCLUSION AND RECOMMENDATION**

5           Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for

6   preliminary injunctive relief, filed on July 7, 2011, be DENIED.

7           These findings and recommendations are submitted to the United States District Judge

8   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days

9   after being served with these findings and recommendations, Plaintiff may file written objections

10  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

11  and Recommendations."  Plaintiff is advised that failure to file objections within the specified time

12  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

13  1991).

14

15          IT IS SO ORDERED.

16  **Dated:    February 2, 2012              /s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25          [1]Under the Prison Litigation Reform Act, the court is required to screen Plaintiff's Second Amended
26  Complaint before the case proceeds against the defendants.  The court must dismiss a complaint or portion thereof if
    the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
27  may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
    § 1915A(b)(1),(2).  With respect to service, the court will, *sua sponte*, direct the United States Marshal to serve the
28  complaint only after the court has screened the complaint and determined that it contains cognizable claims for relief
    against the named defendants.