IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM, | 1:09-cv-02041-AWI-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| vs. | (Doc. 51.) |
| MANAGEMENT & TRAINING CORP, et al., | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |
| | (Docs. 44, 47.) |
| Defendants. | |

John Michael Crim ("Plaintiff") is pro se in this civil rights action pursuant to Bivens v. Six Unknown Agents, 42 U.S. 388 (1971). Plaintiff contends Defendants violated his civil rights while he was in prison. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On February 3, 2012, findings and recommendations were entered, recommending that Plaintiff's motion for preliminary injunctive relief be denied. On February 27, 2012, Plaintiff filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the court adopts the findings and recommendations' conclusion. As explained by the Magistrate Judge, a party seeking temporary restraining order or a preliminary injunction must

1

1 demonstrate that the party is likely to succeed on the merits, that the party is likely to suffer irreparable
2 harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that
3 an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374
4 (2008); National Meat Ass'n v. Brown, 599 F.3d 1093, 1097 (9th Cir. 2010).   As a threshold matter,
5 Plaintiff must establish that he has standing to seek preliminary injunctive relief. Summers v. Earth
6 Island Institute, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964,
7 969 (9th Cir. 2010) (citation omitted).

8       Here, the court notes that on March 16, 2012, Plaintiff filed a notice of change of address and
9 Plaintiff is no longer at Taft Correctional Institution where Defendants were allegedly violating
10 Plaintiff's First Amendment rights by opening Plaintiff's mail.   To obtain a temporary restraining order
11 or a preliminary injunction Plaintiff "must show that he is under threat of suffering an 'injury in fact'
12 that is concrete and particularized; the threat must be actual and imminent, not conjectural or
13 hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that
14 a favorable judicial decision will prevent or redress the injury." Summers, 129 S.Ct. at 1149 (citation
15 omitted); Mayfield, 599 F.3d at 969.   Plaintiff is no longer subject to the conditions complained about
16 in the motion for a temporary restraining order.   Thus, Plaintiff's motion for a temporary restraining
17 order and preliminary junction can be denied.

18       Accordingly, THE COURT HEREBY ORDERS that:

19     1.    The Findings and Recommendations issued by the Magistrate Judge on February 3, 2012,
20         are adopted in full; and

21     2.    Plaintiff's motion for preliminary injunctive relief and motion for the court to issue an
22         order to show cause regarding preliminary injunctive relief, filed on July 7, 2011, are
23         DENIED.

24 IT IS SO ORDERED.

25
26 Dated:   March 27, 2012                                                              _____
                                              CHIEF UNITED STATES DISTRICT JUDGE
27
28