UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM,<br><br>    Plaintiff,<br><br>    vs.<br><br>MANAGEMENT & TRAINING CORP., et al.,<br><br>    Defendants. | 1:09-cv-02041-AWI-GSA-PC<br><br>ORDER DENYING CHANGE OF ADDRESS TO ATTORNEY'S OFFICE (Doc. 55.)<br><br>ORDER DENYING SUBSTITUTION OF ATTORNEYS<br><br>ORDER FOR PLAINTIFF TO FILE NOTICE OF CHANGE OF ADDRESS WITHIN THIRTY DAYS<br><br>ORDER DIRECTING CLERK TO MAIL CHANGE OF ADDRESS FORM AND COPY OF THIS ORDER TO PLAINTIFF AT TWO ADDRESSES |

**I.     BACKGROUND**

John Michael Crim ("Plaintiff") is a federal prisoner proceeding pro se with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). Plaintiff filed the complaint commencing this action on November 20, 2001. (Doc. 1.)

On April 16, 2012, Plaintiff filed a notice requesting the Court to change his address of record <u>from</u>: FDC-Philadelphia, P.O. Box 562, Philadelphia, PA 19106, <u>to</u>: c/o Joseph A. DiRuzzo III, Attorney at Law, Fuerst Ittleman, PL, 1001 Brickell Bay Dr., 32nd Floor, Miami, FL 33131. (Doc. 55.)

1

**II.     SUBSTITUTION OF ATTORNEYS**

Plaintiff has not indicated whether he intends to substitute attorney Joseph A. DiRuzzo III to represent him in this action. However, should this be the case, Plaintiff may not substitute an attorney in this manner. Plaintiff is presently proceeding in propria persona.[1] For Plaintiff to substitute an attorney in place of himself as attorney of record, Plaintiff must submit a substitution of attorneys document to the Court, setting forth the full name and address of the new attorney, and signed by Plaintiff (as the withdrawing attorney and client) and the new attorney. Local Rule 182(g). "All substitutions of attorneys shall require the approval of the Court, and the words **'IT IS SO ORDERED'** with spaces designated for the date and signature of the Judge affixed at the end of each substitution of attorneys." Id. Therefore, to the extent that Plaintiff's notice of change of address is a request for substitution of attorneys, the request must be denied.

**II.     CHANGE OF ADDRESS TO ADDRESS OTHER THAN PRO SE LITIGANT'S ACTUAL ADDRESS**

In the event that Plaintiff intends to retain his in propria persona status and continue representing himself, he may not change his address of record at the Court to someone else's address. There is no Federal Rule of Civil Procedure or Local Rule allowing service of Court and other legal documentation at an address other than a pro se litigant's actual address. Local Rule 131, Local Rule 182(f), and Local Rule 183(b) require pro se litigants to inform the Court of their addresses and to keep the Court informed of any change in their addresses. There is no authority for the proposition that a pro se litigant can simply request the Court to serve him at a different address.

There may be special circumstances in which the Court could serve a pro se litigant at a separate address. However, no such special circumstances are apparent here. Moreover, service at a location other than Plaintiff's place of residence can pose significant problems with ensuring that Plaintiff receives all court documentation, meets court deadlines and prepares and signs all of his own legal documentation as a party proceeding in pro se.

---

[1] A litigant proceeding in propria persona, or pro se, is one who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary, 1256, 1258 (8th ed. 2004).

2

The court docket shows that mail sent to Plaintiff at his current address of record was returned to the Court on April 12, 2012 as undeliverable. Therefore, the Clerk of Court shall be directed to send Plaintiff a change-of-address form. Plaintiff is required to complete and return the form to the Court within thirty days, notifying the Court of his address of actual residence. Plaintiff is cautioned that pro se litigants are required to notify the Clerk and all other parties of any change of address, and absent such notice, service of documents at the prior address of the party shall be fully effective. See Local Rule 182(f). Moreover, Plaintiff's failure to comply with an order or any Local Rule may be grounds for dismissal of the entire action. See Local Rule 110.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The substitution of attorney Joseph A. DiRuzzo III in place of Plaintiff, as Plaintiff's attorney of record, is DENIED;

2. Plaintiff's request to change his address of record at the Court to that of attorney Joseph A. DiRuzzo III is DENIED;

3. The Clerk of Court is DIRECTED to:

    (a) Mail a copy of this order and a change-of-address form to Plaintiff at both of the following addresses:

    (1) John Michael Crim
    04554-063
    FDC-Philadelphia
    P.O. Box 562
    Philadelphia, PA 19106

    (2) John Michael Crim
    c/o Joseph A. DiRuzzo III, Attorney at Law
    Fuerst Ittleman, PL
    1001 Brickell Bay Dr., 32nd Floor
    Miami, FL 33131.

4. Within thirty days of the date of service of this order, Plaintiff is required to file a notice of change of address, notifying the Court of his address of actual residence; and

///

///

5. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   April 18, 2012                                /s/ Gary S. Austin
                                                UNITED STATES MAGISTRATE JUDGE