# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM, | 1:09-cv-02041-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | (Doc. 58) |
| MANAGEMENT & TRAINING CORP., et al., | |
| Defendants. | |

**I.   BACKGROUND**

John Michael Crim ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on November 20, 2009. (Doc. 1.)

On March 28, 2012, the Court entered an order adopting the Magistrate Judge's findings and recommendations, denying Plaintiff's motions for preliminary injunctive relief for want of jurisdiction over defendants Villatoro and Benov. (Doc. 54.) On May 22, 2012, Plaintiff filed objections to the Court's order, which the Court treats as a motion for reconsideration. (Doc. 16.)

**II.   MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d

1

737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues that the Court should grant his motions for preliminary injunctive relief and stop prison officials from opening his legal mail outside of his presence, because this offensive behavior denies Plaintiff of his access to the courts.

The Court denied Plaintiff's motions for a preliminary injunction against defendants Villatoro and Benov for want of jurisdiction over these defendants. (Doc. 54.) Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on May 22, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   August 3, 2012

CHIEF UNITED STATES DISTRICT JUDGE