UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM,<br><br>       Plaintiff,<br><br>   vs.<br><br>MANAGEMENT & TRAINING CORP., et al.,<br><br>       Defendants. | 1:09-cv-02041-AWI-GSA-PC<br><br>SUPPLEMENTAL FINDINGS AND RECOMMENDATION, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR WANT OF JURISDICTION<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.   BACKGROUND**

John Michael Crim ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis with this civil action. Plaintiff filed the Complaint commencing this action on November 20, 2009. (Doc. 1.)

On April 15, 2013, the court entered findings and recommendations, recommending that this action proceed on Plaintiff's retaliation claim, and that all other claims be dismissed for failure to state a claim under Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). (Doc. 83.) On May 3, 2013, Plaintiff filed objections to the findings and recommendations. (Doc. 84.) In the objections, Plaintiff states that he "is not making claims under Bivens." Id. at 2 ¶9.

**II.  FEDERAL JURISDICTION**

Federal courts are courts of limited jurisdiction. They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: basically those involving

1

diversity of citizenship, or a federal question, or to which the U.S. is a party. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 1677 (1994); Finley v. United States, 490 U.S. 545, 551-552, 109 S.Ct. 2003, 2008 (1989). Federal courts are *presumptively* without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen, 511 U.S. at 377, 114 S.Ct. at 1677. Lack of subject matter jurisdiction is never waived and may be raised by either party or the court at any time – even for the first time on appeal. Henderson ex rel. Henderson v. Shinseki, ___ U.S. ___, 131 S.Ct. 1197, 1202 (2011); Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-595 (9th Cir. 1996).

Plaintiff states that he "did not file a Bivens action; there are no state or federal officials" and "there is no governmental entity or government agents who are defendants in this action." (Objections, Doc. 84 ¶¶1, 3, 9.) Plaintiff states that his allegations "link[] each of the defendants to ... violations of 28 C.F.R," and Plaintiff refers to "a parallel tort remedy." (Id. ¶¶5, 9.) Plaintiff also indicates that he seeks to bring conspiracy, equal protection, due process, and retaliation claims. However, if Plaintiff is not proceeding under Bivens, he must establish that the court has jurisdiction by other authority, or his case will be dismissed.

Plaintiff indicates in the Third Amended Complaint that he is proceeding under the Civil Rights Act: 42 U.S.C. § 1983, and 42 U.S.C. § 1985. (Third Amd Cmp, Doc. 73 at 1, 5.) To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff may not proceed under § 1983 if none of his defendants are state actors. With respect to § 1985, the court found in the findings and recommendations of April 15, 2013, that Plaintiff fails to state a claim under § 1985 because his facts do not support his allegation that defendants entered into a conspiracy. (F&R, Doc. 83 at 10-11 ¶G.)

The court construed Plaintiff's action as a Bivens action because Plaintiff is a federal prisoner, and Bivens actions and actions under 42 U.S.C. § 1983 are largely "identical save for the replacement a state actor under § 1983 by a federal actor under Bivens." Van Strum v.

Lawn, 940 F.2d 406, 409 (9th Cir. 1991).  Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights.  See Bivens, 403 U.S. at 397.  However, Plaintiff argues that none of his defendants are federal officers, which indeed precludes him from proceeding under Bivens.  Plaintiff has not set forth any other authority which gives the court jurisdiction over his claims.

It is presumed that a case lies outside the jurisdiction of the federal courts unless Plaintiff proves otherwise.  Kokkonen, 511 U.S. at 376 (1994); Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221 (9th Cir. 1993).  Therefore this case should be dismissed for want of jurisdiction.

### III. CONCLUSION AND RECOMMENDATION

The Court finds that the district court lacks subject matter jurisdiction over Plaintiff's complaint.  Accordingly, **IT IS HEREBY RECOMMENDED** that this case be dismissed for want of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 28, 2013**            **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE