# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM,<br><br>                Plaintiff,<br><br>    v.<br><br>MANAGEMENT & TRAINING CORP., et al.,<br><br>                Defendants. | 1:09-cv-02041-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER**<br>**(ECF No. 97.)**<br><br>**OBJECTIONS DUE WITHIN 14 DAYS** |

      John Michael Crim ("Plaintiff") is a former federal prisoner proceeding pro se and in forma pauperis with this civil action. This case was filed on November 20, 2009, and was subsequently dismissed on August 2, 2013, for lack of subject matter jurisdiction. (ECF Nos. 1, 87.) On August 16, 2013, Plaintiff filed a notice of appeal, which was forwarded to the Ninth Circuit Court of Appeals and opened as appeal case number 13-16660. (ECF Nos. 89-91.)

      On April 12, 2017, the Ninth Circuit reversed the dismissal of this case and remanded it to this court, and on May 4, 2017, the mandate was entered. (ECF Nos. 95, 96.) The Ninth Circuit directed the district court to consider whether Plaintiff's Third Amended Complaint states a claim. Accordingly, the court reopened this case for further proceedings.

On May 9, 2017, the court issued an order for Plaintiff to respond in writing within ten days, either (1) indicating that he intends to litigate this case, or (2) filing a Notice of Voluntary Dismissal of this case. (ECF No. 97.) The ten-day time period has expired, and Plaintiff has not submitted any response to the court's order.[1]

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since November 20, 2009. Plaintiff's failure to respond may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not respond to court's orders. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to the court's order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

///

---

[1] On May 9, 2017, the court served Plaintiff with the order at his address of record with the court, 18801 Wyandotte St., Reseda, CA 91335. (ECF No. 97.) The United States Postal Service returned the order to the court on May 15, 2017, as undeliverable. (Court Record.) A notation on the envelope indicated that the forwarding time for plaintiff's mail had expired, and his new address was 5619 Lankershim Blvd., N. Hollywood, CA 91601-1723. Id. On May 17, 2017, the court re-served Plaintiff with the order at the N. Hollywood address given on the returned mail. Id. On May 30, 2017, the United States Postal Service returned the order to the court as undeliverable, with a notation "RTS-Unable to Forward." Id. Plaintiff has not notified the court of any recent change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a former prisoner proceeding pro se and in forma pauperis with this action, the court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the court **HEREBY RECOMMENDS** that this action be dismissed based on Plaintiff's failure to obey the court's order of May 9, 2017. These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated: **June 12, 2017**              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE