# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM, <br><br> Plaintiff, <br><br> v. <br><br> MANAGEMENT & TRAINING CORP., et al., <br><br> Defendants. | **1:09-cv-02041-AWI-GSA-PC** <br><br> **ORDER DENYING SECOND REQUEST TO USE ELECTRONIC FILING AS MOOT** <br> **(ECF No. 109.)** |

John Michael Crim ("Plaintiff") is a former federal prisoner proceeding *pro se* and *in forma pauperis* with this civil action. This case was dismissed on July 21, 2017, for Plaintiff's failure to comply with a court order. (ECF No. 100.) On August 18, 2017, Plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals. (ECF No. 105.) On January 5, 2018, the Ninth Circuit issued a memorandum affirming the district court's judgment. (ECF No. 110.) On May 1, 2018, the Ninth Circuit issued its mandate. (ECF No. 112.)

On October 5, 2017, Plaintiff filed a motion for permission to file documents electronically, using the court's electronic filing system (ECF). (ECF No. 109.)

Under Local Rule 133, "Any person appearing *pro se* may **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge. All *pro s*e parties shall file and serve paper documents as required by applicable Federal Rules of Civil or Criminal Procedure or by these Rules." L.R. 133(b)(3). *Pro se* parties seeking leave to file documents

1

electronically must "submit requests as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception. Points and authorities are not required, and no argument or hearing will normally be held. Requests may also be made in scheduling conference and pretrial conference statements when the need can be foreseen." L.R. 133(b)(3).

Plaintiff, who is proceeding *pro se* in this action, has filed a motion in which he "requests this Court to grant him permission to file electronically with the ECF system." (ECF No. 109 at 1.) Plaintiff sets forth the reasons he believes the court should allow him to file documents electronically: (1) this case is currently on appeal, and Plaintiff has authorization to file electronically in the Court of Appeals; (2) Plaintiff currently resides more than 6,000 miles from this Court, and therefore mail takes between 20 and 30 days to arrive; (3) One of the causes of the current appeal revolves around this very issue; (4) Plaintiff has no confidence in obtaining a stipulation, and therefore believes it would be a waste of time; and (5) Plaintiff fully anticipates that the appellant (*sic*) court will remand and seeks ECF filing authorization prior to that time.

Plaintiff's motion is now moot and shall be denied as such. This case is now closed, and Plaintiff's appeal to the Ninth Circuit is now closed. Therefore, Plaintiff's motion for leave to file documents electronically in this case is moot and shall be denied as such.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for permission to file documents electronically, filed on October 5, 2017, is DENIED as moot.

IT IS SO ORDERED.

Dated: **May 3, 2018**         **/s/ Gary S. Austin**
                          UNITED STATES MAGISTRATE JUDGE